# EXHIBIT 7

```
          IN THE UNITED STATES DISTRICT COURT

       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       AT BECKLEY

                   * * * * * * * *

JAMES RIVER EQUIPMENT   *

VIRGINIA, LLC,          *

     Plaintiff          *   Case No.

     vs.                *   5:13-cv-28160

JUSTICE ENERGY          *

COMPANY, INC.,          *

     Defendant          *

                   * * * * * * * *


                        DEPOSITION OF

                       JAMES JUSTICE, III

                        March 14, 2019
```

Any reproduction of this transcript is prohibited without

authorization by the certifying agency.

Sargent's Court Reporting Service, Inc.
1-800-727-4349

```
                                                              2
  1                          DEPOSITION

  2                              OF

  3   JAMES JUSTICE, III, taken on behalf of the Defendant

  4   herein, pursuant to the Rules of Civil Procedure, taken

  5   before me, the undersigned, Bradley Scott, a Court

  6   Reporter and Notary Public in and for the State of West

  7   Virginia, at the law offices of Carey, Scott, Douglas &

  8   Kessler, PLLC, 707 Virginia Street, East 901 Chase Tower,

  9   Charleston, West Virginia on Thursday, March 14, 2019

 10   beginning at 12:10 p.m.

 11

 12

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24
```

```
                                                           3
1                   A P P E A R A N C E S
2
3    FRED B. WESTFALL, JR., ESQUIRE
4    Assistant United States Attorney
5    300 Virginia Street East
6    Room 4000
7    Charleston, WV  25301
8        COUNSEL FOR UNITED STATES
9
10   MICHAEL W. CAREY, ESQUIRE
11   Carey, Scott, Douglas & Kessler, PLLC
12   901 Chase Tower
13   707 Virginia Street East
14   Charleston, WV  25301
15       COUNSEL FOR DEFENDANT
16
17   JOHN F. HUSSELL, IV, ESQUIRE
18   Wooton, Davis, Hussell & Ellis
19   300 Summers Street
20   Suite 1230
21   Charleston, WV  25301
22       COUNSEL FOR DEFENDANT
23
24
```

```
                                                              4
 1                          I N D E X

 2

 3   WITNESS: JAMES JUSTICE, III

 4   EXAMINATION

 5      By Attorney Westfall                           7 - 15

 6   CERTIFICATE                                           16

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

```
                                                                    5

 1                           EXHIBIT PAGE

 2

 3                                                          PAGE

 4    NUMBER    DESCRIPTION                              IDENTIFIED

 5                          NONE OFFERED

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

Sargent's Court Reporting Service, Inc.
1-800-727-4349

```
                                                             6
 1                       OBJECTION PAGE
 2
 3   ATTORNEY                                       PAGE
 4                        NONE MADE
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

Sargent's Court Reporting Service, Inc.
1-800-727-4349

```
                                                               7
1                      S T I P U L A T I O N
2    ----------------------------------------------------------
3    (It is hereby stipulated and agreed by and between counsel
4    for the respective parties that reading, signing, sealing,
5    certification and filing are not waived.)
6    ----------------------------------------------------------
7                      P R O C E E D I N G S
8    ----------------------------------------------------------
9                       JAMES JUSTICE, III,
10   CALLED AS A WITNESS IN THE FOLLOWING PROCEEDING, AND
11   HAVING FIRST BEEN DULY SWORN, TESTIFIED AND SAID AS
12   FOLLOWS:
13                              ---
14                          EXAMINATION
15                              ---
16   BY ATTORNEY WESTFALL:
17        Q.   What's your name please?
18        A.   James C. Justice, III.
19        Q.   Mr. Justice, my name is Fred Westfall.  I'm
20   with the U.S. Attorney's Office.  I'm asking today, I'm
21   going to be asking you questions in connection with a
22   civil penalty part of the case dealing with the James
23   River Equipment Company case that was pending.
24             And if at any time you do not hear or
```

8

1  understand a question I've asked if you'll let me know,
2  I'll be happy to repeat or rephrase the question for you.
3       Have you ever been deposed before?
4   A.  I have.
5   Q.  Basic ground rules are you need to give verbal
6  responses to the questions.  Because the court reporter
7  can't record gestures or nods of the head.  And at any
8  time you need to take a break, if you'll let me know we
9  can take a break.  It's not a problem.
10       This will be fairly short so I don't think
11  we'll have --- probably won't take more than just a few
12  more minutes so.
13       Mr. Ball previously testified about the
14  financial aspects of Justice Energy in some detail prior
15  to you arriving here for your deposition today.  Can you
16  tell what involvement you normally have in Justice Energy
17  as far as the day-to-day operations of the company?
18   A.  I would characterize my day to day at a pretty
19  high level.  You know, we have accounting people or legal
20  people in place.  Operations people in place.  Have some
21  involvement with it just being very high level.
22   Q.  Okay.
23       And so when you're talking about high, we're
24  not talking about quantum or quantity.  We're talking

9

1  about supervisor.  You're going to be far up the
2  supervisory chain over the Justice Energy?
3       A.    Yes, sir.
4       Q.    You're probably not going out to the mine site
5  every day to take a look at what's going on.
6             Is that correct?
7       A.    I go some but not every day.
8       Q.    I want to go back through the business
9  structure for just a minute.  Just to ask you some
10 questions along that line.  It's my understanding, from
11 Mr. Ball's testimony, you and your father own a group of
12 companies that deal with mining and mining operations and
13 I guess probably you have some other non-mining operation
14 companies as well.  So let me just kind of go back
15 through this.
16            Blue Stone Resources, Incorporated.  Do you
17 know which companies are under Blue Stone Resources,
18 Incorporated?
19      A.    It would probably be better if Steve would go
20 through the list but generally I know most of them.
21      Q.    Let me ask the question this way, do you sit on
22 the boards of directors of any of these others --- of
23 these various companies Blue Stone Resources, Blue Stone
24 Mineral, JCJ Coal Room, Justice Energy Company,

Sargent's Court Reporting Service, Inc.
1-800-727-4349

```
                                                                10
 1   Incorporated.  Do you serve on any of the Boards of these
 2   companies?
 3        A.    I do.
 4        Q.    Okay.
 5              And in terms as I understand it from what Mr.
 6   Ball testified earlier, you guys normally do not have
 7   real board meetings but you do everything by agreement.
 8   You have agreement documents you sign in lieu of board
 9   meetings.
10              Is that correct?
11        A.    Yes, your --- that's correct.  And at the end
12   of 2018, we actually did have a board meeting for another
13   matter.  But generally, we do agreements in lieu of the
14   meeting.
15        Q.    And in terms of the shareholders of --- well
16   let me go back and rephrase this.  These various coal
17   companies whether it's Blue Stone Mineral, Blue Stone
18   Resources, Blue Stone Coal, and Blue Stone Industries,
19   the ultimate control over these companies rest with you
20   and your father.
21              Is that correct?
22        A.    Well, we're the shareholders.
23        Q.    Okay.
24              And what about your sister?  What involvement
```

11

1 is the --- Jillean, what involvement does she have with
2 the companies?
3     A.   She's not a shareholder of those companies you
4 referenced but she is a director.  Jill and myself are
5 the only directors at this time.
6     Q.   Now, I understand from Mr. Ball that there is a
7 collective bargaining agreement in place between the UMWA
8 and Justice Energy Company, Incorporated, dealing with
9 the miners that are currently onsite.  Did you have any
10 involvement in the negotiations of the collective
11 bargaining agreement?
12     A.   Not really.  We're a very small player in the
13 union.  Collective bargaining agreement is nationwide and
14 so for good or for bad, we just kind of have to tag along
15 to whatever, you know, the bigger companies agree to.
16     Q.   Did you have to sign the collective bargaining
17 agreement?
18     A.   Not to my knowledge.  No.
19         ATTORNEY CAREY:  Let me clarify.  When you
20 said him signing personally or any of the companies?
21         ATTORNEY WESTFALL:  Well, I understand if
22 there's no --- let me go back and maybe I should ask the
23 question this way.
24 BY ATTORNEY WESTFALL:

12

1     Q. Are there any other --- other than what Justice
2 Energy Company, Incorporated, are there any collective
3 bargaining agreements involving the UMWA and any other,
4 we'll call them Justice Companies?
5     A. There are. Some of the other Blue Stone
6 subsidiaries --- and I don't really want to tell you the
7 exact ones because I mean, we got a few. Blue Stone Coal
8 was one, Keystone Services is one, Justice Energy is one.
9 They're all covered under a master collective bargaining
10 agreement.
11     Q. Did you have to --- did you and your --- in
12 your corporate capacity or as a shareholder in any
13 capacity have to sign any of these collective bargaining
14 agreements or any of the documents when it relates to the
15 master collective bargaining agreement on behalf of any
16 of these companies?
17     A. I wouldn't have signed as a --- or wouldn't be
18 asked to sign as a shareholder or any personal liability
19 but I really can't tell you if I signed it in a corporate
20 capacity. I may have, I may not have, I just don't know.
21     Q. Okay.
22     The decision making on --- for the over
23 operation of Justice Energy Company, who has that
24 ultimate decision making authority?

```
                                                                    13
 1          A.    Could you be a little more specific?
 2          Q.    Sure.  Sure.
 3                If a decision had to be made about the future
 4    direction of the company or a major financial decision
 5    had to be made about Justice Energy Company,
 6    Incorporated, who would have the ultimate decision making
 7    authority over such decisions?
 8          A.    I guess I would have the ultimate decision
 9    making authority and I would certainly consult with the
10    other people on our team, accountants, attorneys, our
11    operations people.
12          Q.    Would that be the same for any of the Blue
13    Stone companies as well?
14          A.    Generally speaking yes, but you know we have,
15    you know, there's kind of different players in the game.
16    You know, maybe, maybe at Blue Stone Coal they're
17    different operations folks or different accounting
18    people.  But you know, I would certainly consult with
19    those on each specific operation.
20          Q.    But if there was a major financial decision or
21    some sort of a major direction for the company that is
22    particular --- the ultimate decision making authority
23    would rest with you.
24                Is that correct?
```

14

1  A.  I think so, yes.
2  Q.  I'd like for you to take a look, just briefly.
3  We have some exhibits from Mr. Ball's deposition in front
4  of me, Exhibits 1 through 7. And I'm just going to ask
5  you a general question after you've had a chance to take
6  a look at those. I mean most of them are just financial
7  documents and so on. But the question I'm going to ask
8  you, I'll just go ahead and ask you. Did you have any
9  involvement with the preparation of any of these
10 exhibits? Exhibits 1 through 7?
11 A.  I did not, no.
12 Q.  Okay.
13     Now I'm going try and I might be a little
14 inarticulate but I'm going to try see through this the
15 best way I can. As I understand, we kind of went through
16 some of the corporate structure and the business
17 structure involved with Justice Energy Company,
18 Incorporated. As I understand it, Justice Energy
19 Company, Incorporated, the parent company is JCJ Coal
20 Group, LLC.
21     Is that your understanding?
22 A.  That's my understanding, yes, sir.
23 Q.  And in that particular company, the JCJ Coal
24 Group is owned by Blue Stone Mineral, Incorporated.

15

1        Is that correct?
2        A.   Yeah, I better not delve into this because I
3   don't know exactly.  But, you know, Steve as far as the
4   structure would be the best to ask.
5        Q.   So in terms of the corporate and business
6   structure of the various companies of which you and your
7   father are the shareholders or the ultimate shareholders
8   of, that Steve would be the person who would have the
9   most knowledge about how those companies are structured
10  and how they're interrelated?
11       A.   Yes, sir.
12       Q.   Okay.  That's all that I have.  Thank you very
13  much.
14       A.    Thank you.
15            ATTORNEY CAREY:  We don't have any
16  questions but we will read.
17               * * * * * * * *
18           DEPOSITION CONCLUDED AT 12:20 P.M.
19               * * * * * * * *

Sargent's Court Reporting Service, Inc.
1-800-727-4349

```
                                                                  16

 1    STATE OF WEST VIRGINIA)
 2                       CERTIFICATE
 3           I, Bradley Scott, a Notary Public in and for
 4    the State of West Virginia, do hereby certify:
 5           That the witness whose testimony appears in the
 6    foregoing deposition, was duly sworn by me on said date,
 7    and that the transcribed deposition of said witness is a
 8    true record of the testimony given by said witness;
 9           That the proceeding is herein recorded fully
10    and accurately;
11           That I am neither attorney nor counsel for, nor
12    related to any of the parties to the action in which
13    these depositions were taken, and further that I am not
14    a relative of any attorney or counsel employed by the
15    parties hereto, or financially interested in this
16    action.
17       I certify that the attached transcript meets the
18    requirements set forth within article twenty-seven,
19    chapter forty-seven of the West Virginia Code.
20
21                                        _____
                   [Notary Seal]           Bradley Scott
22                                         Court Reporter
23
24
```

Sargent's Court Reporting Service, Inc.
1-800-727-4349