UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

Civil Action Number: 1:21-CV-279

| | |
|---|---|
| D/S NORDEN A/S | ) |
| Plaintiff, | ) |
| v. | ) **PROPOSED ORDER** |
| BLUESTONE COAL SALES CORPORATION and BLUESTONE RESOURCES, INC. | ) |
| Defendants. | ) |

## ORDER AUTHORIZING ISSUANCE OF
## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Having reviewed and considered Plaintiff D/S NORDEN A/S's Verified Complaint for issuance of process of attachment, together with the Declaration of E. Winslow Taylor that Defendants cannot be found within the District, and finding that the conditions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure appear to exist;

IT IS HEREBY ORDERED as follows:

1. That the Clerk of Court issue Process of Maritime Attachment and Garnishment pursuant to Rule B, as prayed for in the Verified Complaint, against all bank accounts, checks, payments made to, held or which may be receivable by, the garnishees

on behalf of Defendants, monies, disbursement advances, goods or other services, documents of title, shares of stock or other financial instruments and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of Defendants within this District in an amount up to USD 126,293.22 pursuant to Supplemental Rule B, and the same be attached as may be found in the possession, custody, or control of the garnishee(s) or which are found in the possession or control of specific garnishee Truist Bank (formerly BB&T Bank) and said Order being equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishee in this district not named therein; and

  2. That all persons claiming any interest in the property attached or garnished pursuant said Order, upon application to the Court, be entitled to a prompt hearing in which the Plaintiff shall be required to show why the attachment should not be vacated or further relief granted; and

  3. That supplemental process enforcing this Order may be issued by the Clerk upon application without further order of the Court; and

  4. That a copy of this Order be attached to an served with the Writ of Maritime Attachment and Garnishment; and

  5. That pursuant to Rule B(1)(b)(ii) E. Winslow Taylor, of Taylor & Taylor Attorneys at Law, PLLC, counsel for Plaintiff is specially appointed to make service of the Writ of Maritime Attachment or Garnishment, along with a copy of the Verified Complaint and other ancillary documents in this action. Mr. Taylor may further appoint or engage any

other person at least 18 years of age and not a party to this action to make service of process in this action without further order from the Court; and

6. That following the initial service by the United States Marshal or other duly-designated process server upon the garnishee, supplemental service of Writ of Maritime Attachment or Garnishment, as well as this Order, may be made by e-mail of facsimile transmission to the garnishee; and

7. That Pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), the garnishee may consent, in writing, to accept service by any other means; and

8. That any tangible or intangible property in the hands of the garnishee(s) and attached pursuant to this Order may be released from seizure without the necessity of further orders of this Court, provided that the Marshal or garnishee(s) receives written authorization to do so from the attorney who requested the attachment and garnishment stating that he has conferred with all attorneys representing parties to the litigation and they consent to the request for the release, and also provided that the Court has not entered any subsequent orders modifying this arrangement for the release of the property which was attached pursuant to this Order; and

9. That service of the garnishee as described above is deemed continuous throughout the day from the time such service through the opening of the garnishee's business on the next business day.

10. Service on any garnishee, as described above, is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day.

Date: April 1, 2021

_____
UNITED STATES DISTRICT JUDGE